[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS K. KAHN
CLERK

No. 05-10401
Non-Argument Calendar

_____

D. C. Docket No. 04-00276-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 24, 2006)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Derrick Owens appeals his conviction and 225-month sentence for bank

robbery in violation of 18 U.S.C. § 2113(a).  On appeal, Owens argues: (1) that the district court abused its discretion by admitting into evidence the probation office's sign-in sheet as a business record; and (2) that the district court committed both constitutional and statutory error under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), in its application of the United States Sentencing Guidelines. We AFFIRM the conviction but VACATE and REMAND for resentencing.

**I.**

Owens conceded that he robbed a SouthTrust Bank branch in Forest Park, Georgia, on April 2, 2004.  His defense relied solely upon a theory of duress.  At trial, Owens testified that two men kidnaped him on March 28, 2004, and held him captive until he robbed the bank for them on April 2, 2004.  In rebuttal, the Government called Owens' federal probation officer, Shelly Jones, who testified that she met with Owens in her office on April 1, 2004, the day before the robbery. During Jones' testimony, the Government also offered a sign-in sheet from the probation office showing that "Derrick A. Owens" signed the sheet on "4-1-04" for an appointment at "9:00" with "Ms. S. Jones."  Over Owens' objection, the district court admitted the sign-in sheet as a business record.

Because Owens objected to the admission of the sign-in sheet in the district court, we review the district court's evidentiary ruling for a clear abuse of

2

discretion.  United States v. Dickerson, 248 F.3d 1036, 1046 (11th Cir. 2001).  We review the factual findings underlying the ruling for clear error.  Id.  We will reverse on the basis of an erroneous evidentiary ruling only if the error was not harmless.  Id. at 1048.  An error is harmless if it "'had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict.'"  Id. (quoting United States v. Fortenberry, 971 F.2d 717, 722 (11th Cir. 1992)).

We need not decide whether the document was admissible as a business record under Federal Rule of Evidence 803(6), because the written statements on the sign-in sheet were admissible as Owens' own admissions.  Rule 801(d)(2)(A) provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity . . . ."  Fed. R. Evid. 801(d)(2)(A).  After the sign-in sheet was admitted, Jones testified that she saw Owens' name on the sheet, that she had seen other documents on which Owens had printed his name, and that the handwriting on the sign-in sheet was "extremely similar" to those other documents.  This testimony established the authenticity of Owens' handwriting, see id. 901(b)(2), and provided a foundation for the introduction of the written statements on the sign-in sheet as Owens' admissions.  See United States v. Williams, 837 F.2d 1009, 1013–14 (11th Cir. 1988) (holding that testimony by defendant's

3

bookkeeper that reports bearing defendant's initials in his own handwriting provided foundation for admission of reports as defendant's admissions). Therefore, the district court did not commit a clear abuse of discretion by admitting the sign-in sheet into evidence.

## II.

Owens contends that he was sentenced in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) because the district court (1) sentenced him as a career offender without submitting the issue to the jury and (2) applied the sentencing guidelines as mandatory. The first argument raises constitutional Booker error; the second argument raises statutory Booker error. See United States v. Glover, ___ F.3d ___, 2005 WL 3159228 at *4 (11th Cir. 2005).

Owens preserved both objections to his sentence by citing Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Therefore, we review the sentence de novo but will reverse the district court only if the error was not harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Booker constitutional errors are harmless if "the error did not contribute to the defendant's ultimate sentence." United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (citing Paz, 405 F.3d at 948–49). Booker statutory errors are

harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." Id. at 1292 (quotations, citation, and alteration omitted). The government bears the burden of showing that the error was harmless in both instances. Id. at 1291–92.

## A.

Owens essentially concedes that, under this Court's recent caselaw, the district court did not commit constitutional Booker error by sentencing him as a career offender without submitting the issue to the jury. See United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) ("a district court does not err by relying on prior convictions to enhance a defendant's sentence"). Instead, he argues that we should anticipate that the Supreme Court will eventually decide that it is unconstitutional for a sentencing court to unilaterally enhance a sentence based on a prior conviction, and, on that basis, vacate his sentence. We are not clairvoyant, however, and we refuse to speculate about what the Supreme Court might decide if faced with this issue. Moreover, in Booker, decided less than a year ago, a majority of the Supreme Court stated clearly: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543

5

U.S. at __, 125 S. Ct. at 756 (opinion of Stevens, J.) (emphasis added).

Because we must apply existing Supreme Court precedent, as well as our own, we hold that the district court did not violate the Sixth Amendment by enhancing Owens' sentence based on the fact of his prior convictions without submitting the issue to the jury.

B.

The government concedes that the district court applied the sentencing guidelines as mandatory, thereby committing statutory Booker error. The government argues that because the district court imposed a sentence at the mid-point of the guidelines range when it could have imposed a lesser sentence, the error was harmless. In United States v. Glover, 431 F.3d 744 (11th Cir. 2005), this Court rejected this same argument, holding that "[t]he government must do more than rely upon a mid-range sentence to satisfy its burden under the harmless error standard." Id. at 750. Because the government has not proved, based on the record, that the district court would have imposed the same (or greater) sentence, see id., we cannot find that the error was harmless.

**III.**

We AFFIRM Owens' conviction for bank robbery but VACATE the sentence and REMAND for resentencing.