[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 23, 2007
THOMAS K. KAHN
CLERK

No. 06-12892
Non-Argument Calendar

_____

D. C. Docket No. 04-00276-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 23, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Derrick Owens was convicted by a jury of bank robbery, in violation of 18 U.S.C. § 2113(a). After we vacated Owens' first sentence and remanded the case back to the district court in light of the Supreme Court's decision in Booker,[1] United States v. Owens, No. 05-10401 (11th Cir. Jan. 24, 2006), the district court sentenced him to 225 months in prison. Owens' sole contention in this appeal is that his 225-month prison sentence is unreasonable.

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the [section] 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). Our reasonableness review is deferential, and the burden of proving that the sentence is unreasonable in light of the record and the section 3553(a) factors rests on the party challenging the sentence. United States v. Wilks, 464 F.3d 1240, 1245 (11th Cir.), cert. denied, 2006 WL 3064949 (U.S. Nov. 27, 2006).

Owens contends that his sentence was unreasonable because his robbery attempt was "inept," his prior convictions were not as serious as those for most career offenders, he was suffering from depression when he robbed the bank, and his sentence was disproportionate to what he would have received in state court for a similar crime. To the extent this mitigation evidence was relevant to the section

_____

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

2

3553(a) factors, the district court stated that it considered the evidence in determining Owens' sentence. However, the court also said it must consider Owens' "bad" sixteen-year criminal history (multiple convictions for car theft, armed robbery, and possession of crack cocaine with the intent to distribute), 18 U.S.C. § 3553(a)(2)(C) (the court must consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"), his death threat to the teller during the bank robbery, his high-speed car chase in a stolen vehicle after he was found by the police, his perjured testimony that two kidnappers forced him to rob the bank, id. § 3553(a)(1) (the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed to reflect the seriousness of the offense [and] to promote respect for the law"), and the advisory guideline range (which called for a prison sentence of between 210 and 240 months), id. § 3553(a)(4) (the court must consider "the sentencing range established . . . by the Sentencing Commission").

Owens has not shown that, given the seriousness of his crime, the breadth of his criminal history, and the advisory guideline range, his 225-month prison sentence was unreasonable. We therefore AFFIRM the district court's judgment of sentence.

3