[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 12, 2006
THOMAS K. KAHN
CLERK

No. 04-16178
Non-Argument Calendar

_____

D. C. Docket No. 04-14027-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVORY CHARLES BRINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 12, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ivory Charles Brinson appeals his 360-month sentence, imposed after a jury convicted him of possession with the intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On appeal, he argues that the district court committed constitutional and statutory error under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) by enhancing his sentence based upon prior convictions. For the reasons set forth more fully below, we vacate and remand.

Brinson was indicted on the afore-mentioned count, and, prior to trial, the government filed a notice of its intent to seek enhanced punishment based on Brinson's eight past drug-offense convictions. After the first day of trial, however, Brinson pled guilty pursuant to an agreement that, among other things, stated that the government would recommend a three-level reduction in Brinson's offense level for acceptance of responsibility.

Prior to sentencing, a PSI was completed, initially setting his offense level at 26 pursuant to U.S.S.G. § 2D1.1. However, because Brinson had at least two previous felony convictions for drug offenses, he qualified as a career offender, and his offense level was automatically enhanced to 37 under § 4B1.1(b) because the statutory maximum penalty was life imprisonment. After three levels were deducted for acceptance of responsibility under §§ 3E1.1(a) and (b), Brinson's

total offense level was 34. At criminal history category VI, his guidelines range was 262 to 327 months' imprisonment. Brinson's attorney filed one objection, arguing that his enhancements for being a career offender violated his Fifth Amendment right to an indictment and Sixth Amendment right to a jury trial in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

However, Brinson later moved for and was granted permission to withdraw his plea of guilty. At that same hearing, the government indicated that it would no longer be recommending the three-level reduction, and the district court, in response to Brinson's Blakely challenge, stated that the career offender provisions were exempted from Blakely, and, in any event, existing precedent required that it treat the guidelines as constitutional. Brinson never withdrew his Blakely objection from the record.

After a trial, a jury found Brinson guilty of the charge in the indictment. After the jury had been released, the district court noted that the next step would ordinarily be the preparation of a presentence report, but that one had already been prepared. The court offered Brinson the option of being sentenced in 70 days, or of having his sentence imposed immediately based on the PSI as modified to remove any reduction for acceptance of responsibility. Brinson indicated that he

3

was willing to proceed, and that he believed the guidelines range was 360 months' to life imprisonment and he requested the low end. The government agreed that, without the three levels for acceptance of responsibility, which Brinson was not requesting, the range was 360 months to life imprisonment, and he requested life imprisonment, as Brinson's criminal history was "one of the longest" it had ever seen.

Noting that Brinson had a history of drug abuse and addiction since he was 12 years old and that he just did not "get it," the district court sentenced Brinson to 360 months' imprisonment. Prior to doing so, the court also noted that Brinson's prior convictions, while numerous, involved mostly small quantities of crack cocaine without any evidence of violence, and said that 360 months, the lowest possible sentence under the guidelines, was "a lot of time" for a man Brinson's age.

On appeal, Brinson argues that the district court violated his Sixth Amendment right to a jury because it enhanced his sentence on the basis of a prior conviction to which he did not admit and that was not alleged in the indictment or found by a jury, and that the resulting sentence also resulted in statutory error because the guidelines were binding on the district court. He argues that, in the instant case, the district court's finding that he was career offender based on prior

4

convictions tripled the amount of imprisonment, and that the district court gave an indication that it believed the sentence to be overly oppressive, requiring a remand for resentencing. The government argues that we should apply plain error review because "at no time did Brinson renew or even raise the prior objections" to use of his convictions at sentencing.

Contrary to the government's assertion, Brinson's constitutional objection is a matter of record in the PSI - the same PSI that eventually was used to sentence him, and this objection was never withdrawn. We conclude that the district court ruled on this objection, finding that the career offender provisions were exempted from Blakely, and, in any event, it was bound by existing precedent to treat the guidelines as constitutional. In essence, Brinson's sentencing was only delayed, not restarted, by his decision to withdraw his plea and go to trial. Thus, Brinson's Booker argument was preserved when he filed, and did not withdraw, an objection to the PSI arguing that any facts used to enhance his sentence, including prior convictions, had to be proven to a jury in light of Blakely. See United States v. Dowling, 403 F.3d 1242, 1245-46 (11th Cir.) cert. denied 126 S.Ct. 462 (2005) (holding that Booker error is preserved by arguing that the issue of drug quantity must be proven to a jury or invoking an objection based on the line of cases following Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

5

(2000)).

Where a defendant makes a constitutional challenge to his sentencing enhancements, we review the sentence de novo, and will conduct a harmless error review. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005); United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). We have held that there are two possible Booker errors, the first being the constitutional error of extra-verdict sentence enhancements, and the second being the statutory error of applying the guidelines in a mandatory fashion. Mathenia, 409 F.3d at 1291. For the constitutional error, the burden is on the government to show, beyond a reasonable doubt, that the error did not contribute to the defendant's sentence. Id. For the statutory error, the government must meet the less demanding standard of proving with "fair assurance . . . that the [sentence] was not substantially swayed by the error." Id. at 1292.

In Booker, the Supreme Court held that the mandatory nature of the Federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. Booker, 543 U.S. at 232-35,125 S.Ct. at 749-51. In so doing, the Court affirmed its holding in Apprendi: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be

6

admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S at 244, 125 S.Ct. at 756.

Post-Booker, we have held that nothing in Booker disturbed the Supreme Court's holdings in Almendarez-Torres[1] or Apprendi, and that a district court, therefore, does not err by relying on prior convictions to enhance a defendant's sentence. See United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2005); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S.Ct. 223 (2005); see also United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005). While Brinson hints that the Supreme Court's recent decision in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) casts doubt on the continuing validity of Almendarez-Torres as precedent, we have held that until the Supreme Court explicitly overrules it, Almendarez-Torres will continue to be followed. Gibson, 434 F.3d at 1247 ("Though wounded, Almendarez-Torres still marches on and we are ordered to follow."); Camacho-Ibarquen, 410 F.3d at 1316 n.3 (noting that, while the Supreme Court's decision in Shepard might cast doubt on the future of Almedarez-Torres, it remains precedent). Thus, there was no constitutional error

---

[1] 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

in considering Brinson's prior convictions when enhancing his sentence.

As to the statutory error, the district court was bound by the sentencing guidelines at the time and applied them in a mandatory fashion, and, therefore, committed statutory Booker error. Mathenia, 409 F.3d at 1291. The government has not argued in its brief that this error was harmless, and upon a review of the record, it appears that the case should be remanded for resentencing. The district court here did not indicate that it would have imposed the same sentence even if the guidelines were not mandatory. See, e.g., id. at 1292-93; United States v. Glover, 431 F.3d 744, 750 (11th Cir. 2005) (holding that "[t]he government must prove that something in the record suggests that the district court would have imposed the same or a greater sentence" to show harmless statutory error). In fact, the district court noted that Brinson's prior convictions, while numerous, involved mostly small quantities of crack cocaine without any evidence of violence, and said that 360 months, the lowest possible sentence under the guidelines, was "a lot of time" for a man Brinson's age.

Based on the foregoing, we conclude that it cannot be said "with fair assurance" that the same sentence would have been imposed. We, therefore, vacate and remand for resentencing.

**VACATED AND REMANDED.**