[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14187
Non-Argument Calendar

_____

D. C. Docket No. 04-00050-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO DELGADO-AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 20, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Alvaro Delgado-Aguilar, who pled guilty to illegally reentering the United

States in violation of 8 U.S.C. § 1326(a) and (b)(2), appeals his 41-month

sentence. He contends that, because the characterization of his prior conviction for

aggravated assault as a "crime of violence" was not charged in the indictment or proven to a jury, the 16-level sentencing enhancement applied by the district court pursuant to United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) violates *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Although we review Delgado-Aguilar's constitutional objection de novo, and will reverse only for harmful error, *see United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam), his argument is clearly foreclosed by our circuit precedent interpreting *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Apprendi*'s progeny. *See, e.g.*, *United States v. Orduno-Mireles*, 405 F.3d 960, 962-63 (11th Cir.) (*Booker* did not disturb *Almendarez-Torres*'s holding that "recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt."), *cert. denied*, __ U.S. __, 126 S. Ct. 223, 163 L. Ed. 2d 191 (2005); *United States v. Glover*, 431 F.3d 744, 749 (11th Cir. 2005) (per curiam) ("[W]hether a previous conviction is a 'crime of violence' is a question of law, not of fact . . . .").

Therefore, the district court did not violate *Booker* when it enhanced Delgado-Aguilar's sentence under the Sentencing Guidelines based on its finding that his prior conviction was for a "crime of violence." Even so, Delgado-Aguilar

was sentenced under an advisory guidelines scheme, so the district court did not commit constitutional error in sentencing him.

Thus, we affirm Delgado-Aguilar's sentence.

**AFFIRMED.**