[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-15344

_____

D. C. Docket No. 03-60235-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNE SOREIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 18, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Arne Soreide appeals his convictions for: 1) one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 371; 2) twenty-four counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341; 3) two counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343; 4) five counts of money laundering, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(B)(i); 5) nine counts of money laundering, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(i); 6) twenty-five counts of engaging in prohibited monetary transactions, in violation of 18 U.S.C. §§ 2, 1957; 7) one count of filing a fraudulent income tax return, in violation of 26 U.S.C. § 7206(1); and 8) one count of filing a fraudulent corporate tax return, in violation of 26 U.S.C. § 7206(1).[1]  Soreide argues that the district court improperly denied his motion to sever the conspiracy and fraud counts from the remaining counts in the indictment and that the district court committed several constitutional and statutory errors in calculating his sentence.  For the reasons discussed below, we affirm the conviction, but vacate the sentence and remand for resentencing.

Arne Soreide was the owner and chief executive officer of Accutel

---

[1] Soreide was sentenced to concurrent prison terms of 60 months on each count of conspiracy to commit mail fraud and wire fraud; 60 months on each count of committing mail fraud and wire fraud; 236 months on each count of money laundering; 120 months on each count of engaging in prohibited monetary transactions; and 36 months on each count of filing a fraudulent income and corporate tax return.  Soreide was also ordered to pay $7,603,959.25 in restitution.  Soreide's sentence is to be followed by three years of supervised release.

Communications, Inc. ("Accutel").[2]  Accutel would purchase long-distance

services at wholesale prices from other long-distance providers.  It would resell the

services by engaging in "slamming" and "cramming," in which it switched

telephone customers' long distance services to Accutel without the customers'

permission (slamming) and then charged the customers a monthly fee for having

Accutel as their long-distance provider (cramming).  Accutel generally charged

customers an additional $4.95 per month.

Accutel's slamming and cramming resulted in millions of dollars of false

charges to long-distance customers.  Accutel transmitted its charges to customers

by providing outside telecommunications consulting companies with billing data.

Those companies would then process the data and wire the reformatted information

to a billing agent, which provided the information to local telephone companies for

billing.  When customers complained to Accutel and the Federal Communication

Commission ("FCC"), Accutel falsely told the customers that the change in service

was inadvertent, and Accutel provided false records to the FCC.

After a jury found Soreide guilty on all counts, the district court empaneled a

sentencing jury.  The sentencing jury returned a special verdict form,[3] finding that

---

[2] Kim Sottile, who was responsible for the day-to-day operations of Accutel, was also charged in the conspiracy.  She pled guilty and testified against Soreide.

[3] The special verdict form asked the jury to answer nine questions involving: (1) the amount of "actual loss"; (2) the amount of "intended loss"; (3) the number of victims; (4)

3

the actual loss amounted to more than $7 million, but less than $20 million; the intended loss amounted to more than $20 million on counts 1-27 and more than $7 million, but less than $20 million on counts 28-66; more than fifty victims were involved; Soreide used mass-marketing and sophisticated means; the tax loss was more than $400,000, but less than $1 million; Soreide failed to identify the source of income exceeding $10,000 from criminal activity on his tax return; he was an organizer or leader; and the criminal activities were otherwise extensive. Thereafter, the district court sentenced Soreide based on an offense level of 23 with enhancements of 9 points based on an amount of funds laundered by Soreide that was more than $7 million, but less than $20 million, and 4 points based on Soreide's role as an organizer or leader.

## A. Conviction

Soreide first argues that the district court improperly denied his motion to sever the conspiracy and fraud charges (counts 1-27) because the denial of severance deprived him of the right to testify on some charges, but not others. "[T]o establish that the joinder of charges kept him from testifying, [a defendant] must show that the charges were distinct in time, place, and evidence, that there

_____

whether Soreide used "mass marketing"; (5) whether he used "sophisticated means"; (6) the amount of "tax loss"; (7) whether Soreide failed to report or properly identify the source of income exceeding $10,000; (8) whether Soreide was an "organizer," "leader," "manager" or "supervisor"; and (9) whether Soreide's criminal activities were otherwise extensive.

was 'important' evidence that he might have offered on one set of charges but could not, and that he had a 'strong need' not to testify on the other counts." United States v. Hersh, 297 F.3d 1233, 1243 n.15 (11th Cir. 2000) (citation omitted) (quoting United States v. Forrest, 623 F.2d 1107, 1115 (5th Cir. 1980) (holding that "severance is not mandatory simply because a defendant indicates that he wishes to testify on some counts but not on others")).  Because Soreide has failed to set forth the requisite showing for severance, the district court did not err in denying the motion to sever.  Id.; see also Fed. R. Crim. P. 8(a)[4]; United States v. Dominguez, 226 F.3d 1235, 1239 (11th Cir. 2000).

## B.  Sentence

Soreide makes four arguments concerning his sentence: (1) the district court committed statutory and constitutional error pursuant to United States v. Booker, 543 U.S. 220 (2005); (2) the district court failed to make specific factual findings regarding (a) § 1B1.2(d) of the Sentencing Guidelines, which requires a determination of whether the various objects of a multi-object conspiracy were

---

[4] Rule 8(a) states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

5

proven beyond a reasonable doubt, and (b) whether his co-conspirator's conduct was reasonably foreseeable to Soreide; (3) the district court improperly enhanced his sentence based upon facts not alleged in the indictment; and (4) the district court failed to make the necessary factual findings under 18 U.S.C. § 3553(c).

Soreide's first argument is that the district court committed constitutional and statutory Booker error by applying the guidelines in a mandatory fashion, and by enhancing his sentence based on an amount of money laundered between $7 million to $20 million and based on his role as an organizer or leader. Because Soreide made a timely objection, we review his Booker claim under a harmless error standard.[5] United States v. Shelton, 400 F.3d 1325, 1331 n.7 (11th Cir. 2005); United States v. Paz, 405 F.3d 946, 948-49 (11th Cir. 2005).

We find any constitutional Booker error committed by the district court harmless. The district court stated that although the jury's special verdict "would

_____

[5]We have held that:

> There are two harmless error standards. One of them applies to Booker constitutional errors, the other to Booker statutory errors. . . . [C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence . . . . Booker statutory errors, on the other hand, are subject to the less demanding test that is applicable to non-constitutional errors. . . . A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error."

United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005) (citations omitted).

6

have no impact upon the [c]ourt's sentencing decision," it would impact the court's decision if "the Supreme Court later determine[d] that Blakely [v. Washington, 542 U.S. 296 (2004)] extends to federal sentencing." As mentioned above, the special verdict indicated that Soreide was responsible for $7 million to $20 million in actual loss and more than $20 million in intended loss, and that he participated as an organizer or leader. Because these jury findings were identical to those made by the sentencing judge and because they would be applied upon resentencing, any constitutional error was harmless. See United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005) (holding that Booker constitutional error was harmless beyond a reasonable doubt because on remand the district court would have given defendant the same sentence).

As for Soreide's claim of statutory Booker error, we remand for resentencing. Statutory Booker error arises "when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Shelton, 400 F.3d at 1330-31. Because the district court considered the guidelines to be mandatory, it committed statutory Booker error. The government bears the burden of showing that the statutory error was harmless. United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005). The government argues that the error was harmless because the sentencing judge considered Soreide's lavish lifestyle, the

7

effect on the victims, and the extent of punishment and deterrence stemming from a sentence in the middle of the guidelines range.

We have previously ruled that a sentence in the middle of the guidelines range is insufficient to prove harmless error. United States v. Glover, 431 F.3d 744, 749-750 (11th Cir. 2005) (holding that "the sentence alone tells us nothing about whether the district [court] would have imposed a lesser sentence"). Rather, the government must set forth "something in the record [to] suggest[] that the district court would have imposed the same or a greater sentence." Id. at 750. What sentence the district court would have imposed had it considered the guidelines advisory, however, is unknown. As the government states in its brief, "the court declined to say how it would have exercised discretion to sentence defendant without guidelines." Moreover, the comments of the sentencing judge here that "the defendant and his family enjoyed a lavish lifestyle at the expense of many unsuspecting victims" and that "a sentence in the middle range of the Guidelines would sufficiently punish the defendant and deter others from committing like or similar crimes" are insufficient to say with fair assurance that the statutory Booker error was harmless. Id. at 749-50 (holding statutory Booker error was not harmless where district court imposed sentence in middle of guidelines range and there were no statements in the record reflecting that the court

8

would have imposed the same or greater sentence under advisory guidelines); see also United States v. Cain, 433 F.3d 1345, 1348-49 (11th Cir. 2005) (concluding that constitutional error was not harmless because district court did not state that it would have imposed the same or higher sentence if it had the discretion to do so, even though it sentenced defendant to the "high end" the guidelines range and stated that the sentence was "appropriate"); cf. United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (holding statutory error harmless where district court imposed the highest available sentence under guidelines range and considered sentencing to the statutory maximum); United States v. Mejia-Giovani, 416 F.3d 1323 (11th Cir. 2005) (finding that district court's express statements that the defendant might not benefit under an advisory system with the court's warning that defendant was at risk for an upward departure made statutory error harmless).

Soreide next argues that the district court failed to make specific factual findings with regard to the nature and scope of Soreide's relevant conduct in the conspiracy. Because we find that there was ample evidence to support the district court's description and determination as to Soreide's potential role, we find that the district court did not improperly fail to make specific factual findings. See United States v. Petrie, 302 F.3d 1280, 1290 (11th Cir. 2002) (holding that a "sentencing court's failure to make individualized findings regarding the scope of defendant's

9

activity is not grounds for vacating a sentence if the record support[ed] the court's determination with respect to the offense conduct, including the imputation of others' unlawful acts to the defendant" (citing United States v. Matthews, 168 F.3d 1234, 1247 (11th Cir. 1999))).

We also find no merit to Soreide's claim that the judge improperly enhanced his sentence based on facts not alleged in the indictment. Specifically, Soreide claims that the district court amended the indictment by submitting the special verdict form to the jury, asking whether Soreide was an organizer or leader. Soreide further claims that because facts concerning his role as an organizer or leader were not alleged in the indictment, whether he was an organizer or leader should not have been submitted to the jury. Because the jury concluded beyond a reasonable doubt that Soreide was an organizer or leader, and because Soreide was sentenced to 236 months imprisonment, which was below the statutory maximum of 20 years imprisonment, the district court did not unconstitutionally amend the indictment by enhancing Soreide's sentence based on his role as an organizer or leader.

As to Soreide's argument that the district court failed to make the necessary findings under 18 U.S.C. § 3553(a), we have held that a sentencing court is not obligated to specifically address and analyze on the record every factor set forth in

10

§ 3553(a). <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that "nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). We find that the district court adequately stated its reasons for imposing a sentence of 236 months imprisonment, as the court specifically noted several § 3553(a) factors, including "the nature and circumstances of the offense" and "the need for the sentence imposed" to "provide just punishment" and "afford adequate deterrence."

Accordingly, we **AFFIRM** the conviction, **VACATE** the sentence, and **REMAND** for resentencing.