[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2006
THOMAS K. KAHN
CLERK

No. 04-14849

_____

D. C. Docket No. 04-00015-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON GUZMAN-MEJIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 27, 2006)**

Before EDMONDSON, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ramon Guzman-Mejia appeals his 87-month sentence

imposed following his guilty plea to illegal re-entry, in violation of 8 U.S.C.

§ 1326. At issue in this appeal is whether the government can establish that any alleged error in sentencing under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was harmless where the defendant was sentenced in the middle of the advisory guidelines range, and the court denied a motion for a downward departure. After a thorough review of the record, and upon hearing oral argument, we conclude that the government has not met its burden. Accordingly, we vacate and remand for resentencing.

## I. Background

The facts of this case are straight forward. Guzman-Mejia pleaded guilty to illegal re-entry, admitting that he had three prior convictions for possession of cocaine and one prior conviction for delivery of cocaine.[1]

The presentence investigation report ("PSI") calculated a total offense level of 21, based on a base offense level of 8 under U.S.S.G. § 2L1.2(a), with a 16-level enhancement under § 2L1.2(b)(1)(A) for prior convictions for drug-trafficking offenses, and a 3-level reduction for acceptance of responsibility. This total offense level and Guzman-Mejia's criminal history category of VI resulted in a guidelines range of 77-96 months imprisonment. Guzman-Mejia challenged the 16-level enhancement as unconstitutional, and requested a downward departure

---

[1] There was no written plea agreement.

2

because his criminal history over-represented his past conduct.

The district court overruled the objection, noting that Guzman-Mejia admitted the prior convictions at the plea colloquy. The court also considered and denied the motion for a downward departure. The court then sentenced Guzman-Mejia at the middle of the guidelines range: 87 months imprisonment. Guzman-Mejia now appeals.

**II. Discussion**

Guzman-Mejia argues that the court committed both constitutional error and statutory error under Booker when it enhanced his sentence based on facts not found by the jury and sentenced him under a mandatory guidelines regime.[2]

The government contends that there was no constitutional error because prior convictions need not be proven to a jury, and Guzman-Mejia admitted his prior convictions. Although the government argues that the sentence imposed was reasonable, it admits that it cannot show that the statutory error was harmless under this court's precedent in the absence of any statements by the court that it would have imposed the same sentence under an advisory guidelines scheme.

---

[2] To the extent that Guzman-Mejia challenges the denial of the downward departure, because there is no evidence in the record that the district court did not understand it had the authority to depart - but rather that the court concluded the facts did not warrant a departure - we lack jurisdiction to review the departure. United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005).

Because Guzman-Mejia preserved his Booker challenge in the district court, we review the sentence de novo, but will reverse only if the error was not harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

In Booker, the Supreme Court held that the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. 543 U.S. at 244. This court has explained that a Booker error also results from the district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Here, there was no constitutional error in the use of prior convictions to enhance Guzman-Mejia's sentence. United States v. Martinez, 434 F.3d 1318, 1323 (11th Cir. 2006); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005).

In imposing sentence, however, the district court considered the Federal Sentencing Guidelines as mandatory; therefore, there was statutory error. After a review of the record, we cannot conclude that the statutory error was harmless.

The government bears the burden of proving that the statutory error was harmless. It meets its burden by showing that, viewing the proceedings in their

entirety, the error had no effect or a very slight effect on the sentence.  United

States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005).

A sentence at the middle of the range, without more, does not show harmless

error.  United States v. Glover, 431 F.3d 744, 750 (11th Cir. 2005).  In the instant

case, we have more than simply a sentence at the middle of the range; the court

denied Guzman-Mejia's motion for a downward departure.  This combination,

however, does not demonstrates that the statutory error had little effect on the

sentence.  Cf. United States v. Mejia-Giovani, 416 F.3d 1323, 1327 (11th Cir.

2005) (holding that the statutory error was harmless because district court

expressly stated at sentencing that under an advisory scheme, the defendant risked

an upward departure based on his multiple previous deportations and disrespect for

the law, and the court imposed a sentence in the middle of the guideline range).

The government's burden to show harmless error is a heavy one, Mathenia,

409 F.3d at 1292, and this court has required some statement from the district court

indicating it would have imposed the same sentence under an advisory guidelines

scheme to meet this burden.  "The sentence alone tells us nothing about whether

the district court would have imposed a lesser sentence under an advisory

guidelines scheme."  Glover, 431 F.3d at 749-750.

With this in mind, we are not persuaded that the court's denial of a departure

in addition to a sentence in the middle of the range indicates that the court, in its discretion, would have imposed the same sentence. United States v. Soreide, 2006 WL 1004272, *3 (11th Cir. April 18, 2006) (concluding the error was not harmless because, although the court sentenced the defendant to the middle of the range and explained that the sentence was based on various factors, there were no statements in the record confirming that the court would have imposed the same sentence under an advisory guidelines scheme); Mejia-Giovani, 416 F.3d at 1327; United States v. Hernandez, 433 F.3d 1328 (11th Cir. 2005) (noting that the government correctly conceded that the Booker error was not harmless because appellant was sentenced to the low end of the guideline range and the court "stated that it would have imposed a lower sentence if it had the authority); United States v. Lee, 427 F.3d 881 (11th Cir. 2005) (holding that district court's Booker error was harmless beyond a reasonable doubt because district court explicitly stated that it would impose the same sentence even if Guidelines were advisory, and expressly considered the § 3553(a) factors in composing its alternative, non-Guideline sentence); United States v. Phillips, 413 F.3d 1288 (11th Cir. 2005) (holding that any statutory Booker error was harmless because district court announced identical alternate sentences); United States v. Petho, 409 F.3d 1277 (11th Cir. 2005) (holding that district court's Booker error was harmless beyond a reasonable doubt

6

because district court announced an identical alternate sentence). Under our precedent, we look for an indication by the district court that the same sentence would be imposed under advisory guidelines. Here, the record is devoid of any such statements. Therefore, we conclude that the government cannot meet its burden. Accordingly, we **VACATE AND REMAND** for resentencing.