BLD-129                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4565
_____

ARNE SOREIDE,
                                            Appellant,

v.

DONNA ZICKEFOOSE, Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 10-cv-02452)
District Judge: Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed March 18, 2011)
_____

OPINION
_____

PER CURIAM

     Appellant Arne Soreide was convicted following a jury trial in the United States

District Court for the Southern District of Florida of conspiracy to commit mail and wire

fraud, in violation of 18 U.S.C. § 371; filing a fraudulent tax return, in violation of 26

U.S.C. § 7206; filing a fraudulent corporate tax return, in violation of 26 U.S.C. § 7206; mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343; money laundering, in violation of 18 U.S.C. § 1956; and engaging in prohibited monetary transactions, in violation of 18 U.S.C. § 1957. His crimes were part of a fraudulent scheme involving his telecommunications company, Accutel Communications. Soreide was sentenced to a total term of imprisonment of 236 months, and ordered to make restitution in the amount of $7,603,959. The Court of Appeals for the Eleventh Circuit affirmed the convictions but remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). See United States v. Soreide, 177 Fed. Appx. 31 (11 th Cir. 2006). Soreide was re-sentenced on September 29, 2006 to the same sentence.

On March 21, 2007, Soreide filed a motion to vacate sentence in the sentencing court, D.C. Civ. No. 07-cv-60401, in which he raised thirteen grounds for relief, including a claim that counsel was ineffective for failing to contest the money laundering charges. Soreide argued that the evidence that he concealed the funds at issue was insufficient, that his banking transactions all were straightforward, and there was no effort to cloak his accounts in a veil of secrecy as required by the statute. He further argued that the government made no effort to show that he had engaged in any questionable structuring of transactions or excessive movement of funds. The section 2255 motion was denied on the merits in March, 2008. The sentencing court held that defense counsel vigorously challenged the government's evidence in support of the money laundering charges. Soreide appealed, but the Eleventh Circuit denied his request

2

for a certificate of appealability in February, 2009, C.A. No. 08-11601.  The United States Supreme Court denied certiorari.

On May 11, 2010, Soreide filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, where he is confined.  Soreide contended that, pursuant to two new decisions, Regalado Cuellar v. United States, 553 U.S. 550 (2008), and United States v. Santos, 553 U.S. 507 (2008), his money laundering activity could no longer be considered a crime.  Thus, under In re: Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the gatekeeping requirements prohibiting second or successive section 2255 motions did not apply to him and the District Court could exercise jurisdiction over his habeas corpus petition.

Soreide claimed that the government did not prove the required element of purposeful concealment because the evidence at trial showed that he converted virtually all of the illegal proceeds into cash, making the funds easy to track.  He argued that Regalado Cuellar holds that this type of activity is insufficient to prove the intent to conceal or disguise the illegal source of the money.  In his view he did not structure his transactions nor did he move the money multiple times in order to conceal it.  He also asserts that the government's theory that he violated 18 U.S.C. § 1956(a)(1)(A)(i) by paying business operating expenses out of the "proceeds" of his unlawful activity violates Santos because he paid all business expenses from "gross income" and not "profits."  He claims that the payment of the unlawful activity's business expenses out of its gross income is not money laundering.

3

In an order entered on November 24, 2010, the District Court dismissed the habeas corpus petition for lack of jurisdiction. The court reasoned that the Supreme Court's decision in Regalado Cuellar merely validated a Fifth Circuit panel's 2006 decision in United States v. Cuellar, 441 F.3d 329 (5th Cir. 2006), concerning the correct legal standard that applies to the intent to conceal question. The Court concluded that Soreide's habeas corpus argument based on Cuellar actually was raised and decided adverse to him in his 2007 section 2255 proceedings, and thus he could not raise it again in proceedings under 28 U.S.C. § 2241.[1] The District Court determined that, in any event, the evidence showed that Soreide had been channeling some of the funds into accounts and businesses having the appearance of legitimacy, thus sufficiently establishing the element of intent to conceal the illegal source of the money.

With respect to Santos, the District Court noted the money laundering transactions attributed to Soreide, which included numerous cash withdrawals from the Accutel account and suspicious corresponding (by date) expenditures, including numerous transfers of money to American Viking Lines Limited Corporation, Creative Design and Marketing, Lynn Soreide, Florida Bond and Mortgage, Inc., J. Putlic, Oconto Real Estate, Sample Realty, Inc., and Multimedia Entertainment of America, none of whom were associated with Accutel's fraud. Moreover, Soreide was convicted of criminal forfeiture, resulting in the forfeiture of his residence located at 195 Alexander Palm Road, Boca

---

[1] We note that the claim actually litigated in Soreide's section 2255 proceedings was a Sixth Amendment ineffective assistance of counsel claim, but, as the District Court pointed out, he cited the panel decision in United States v. Cuellar, 441 F.3d 329, in support of his Sixth Amendment argument.

4

Raton, Florida, and forfeiture of the proceeds from the sale of other real property. The District Court held that Soreide's <u>Santos</u> contentions were frivolous in view of the overwhelming evidence of transactions that were unrelated to the needs of the underlying unlawful activity. His assertion that the government only charged him with transactions that were merely payments of Accutel's business operating expenses from its gross income was factually frivolous.

Soreide appeals. Our Clerk granted him leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. <u>United States v. Thompson</u>, 70 F.3d 279, 280-81 (3d Cir. 1995).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 343-44 (1974). Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a habeas corpus petition cannot be entertained by a court. <u>See</u> <u>Application of Galante</u>, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Soreide is prevented by the gatekeeping requirements of the statute, <u>see</u> 28

5

U.S.C. § 2255(h), from litigating his current claims. "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.1986).

The safety valve provided under 28 U.S.C. § 2255 is narrow, Dorsainvil, 119 F.3d 245, and applies only where the petitioner was convicted for conduct later deemed to be noncriminal by a change in law, see id. at 251. Dorsainvil was convicted of using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). After his first section 2255 motion was denied on the merits, the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that a defendant could not be convicted of using a firearm under section 924(c) unless the government proved that he actively employed the firearm during the crime. The government did not contend that Dorsainvil had actively employed a firearm during his crime. Dorsainvil, 119 F.3d at 252. Under these circumstances, we permitted Dorsainvil to resort to habeas corpus to prevent a miscarriage of justice.

The money laundering statute requires that the evidence be sufficient to permit a jury to conclude beyond a reasonable doubt that the defendant's transactions were "designed in whole or in part ... to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds" derived from the unlawful activity. 18 U.S.C. § 1956(a)(1)(B)(i). As explained by the District Court, the defendant in Regalado Cuellar, 553 U.S. 550, was returning to Mexico with drug proceeds hidden in his car. Those proceeds likely were to repay a drug supplier. See id. at 566-67. The trial court

6

concluded that the act of driving over the border into Mexico was sufficient to show an intent to conceal the illegal nature of the money and thus support the money laundering conviction, but the Supreme Court did not agree. The Court held that a conviction for money laundering requires proof that the purpose and not merely the effect of the transaction was to conceal or disguise the nature, location, source, ownership, or control of the illegal proceeds.

Even if we assume that Regalado Cuellar involved a new interpretation of the money laundering statute, it does not necessarily follow that the new interpretation renders Soreide's conduct not criminal. In Dorsainvil, the government did not even attempt to prove that the defendant actively employed the firearm because the facts of the offense would not support it. Here, in contrast, the government sought to, and did, prove that Soreide's purpose in transferring illegally obtained funds into legitimate bank accounts and businesses was to conceal the illegal source of the money. Soreide did not merely hide the money during transport. Unlike the defendant in Regalado Cuellar, Soreide's activity was "designed to create the appearance of legitimate wealth." 553 U.S. at 553. Accordingly, the District Court properly declined to exercise jurisdiction over this claim pursuant to 28 U.S.C. § 2241.

The money laundering statute also provides that "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity … with the intent to promote the carrying on of specified unlawful activity" violates the statute. 18 U.S.C. §

7

1956(a)(1)(A)(i). In <u>Santos</u>, 553 U.S. 507, a divided opinion, the plurality applied the rule of lenity and held that "proceeds" always means "profits." Revenue generated by the illegal business that is then used to pay the essential expenses of that business is not "proceeds" within the meaning of the money laundering statute. Justice Stevens, who supplied the fifth vote, concluded that the meaning of "proceeds" depends on the underlying "specified unlawful activity." He agreed with the plurality that, in the context of illegal gambling, "proceeds" means "profits."

In Soreide's case, the "specified unlawful activity" was not an illegal gambling business. Soreide argues that the transactions charged as money laundering by the government nevertheless actually constituted expenses of Accutel's frauds, not profits from the frauds. But, importantly, he fails to identify exactly what expenses he was paying. A comparison with the facts of <u>Santos</u> reveals the deficiency in his argument. In <u>Santos</u>, the transactions charged as money laundering were specifically identified as payments to the individuals who helped run the illegal lottery and payments to lottery winners. 553 U.S. at 509. Soreide has not explained how the transactions charged as money laundering in his case – investments in a cruise ship and the purchase of real estate -- were integral to Accutel's illegal "cramming" and "slamming" business.[2]

---

[2] The Eleventh Circuit explained the factual circumstances of Soreide's crime as follows:

> Accutel would purchase long-distance services at wholesale prices from other long-distance providers. It would resell the services by engaging in "slamming" and "cramming," in which it switched telephone customers' long distance services to Accutel without the customers' permission (slamming) and then charged the customers a monthly fee for having Accutel as their long-distance provider (cramming).… When customers

Accordingly, Soreide is not actually innocent of money laundering under <u>Santos</u> and the District Court was not required to exercise jurisdiction pursuant to 28 U.S.C. § 2241.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Soreide's habeas corpus petition for lack of jurisdiction.

---

complained to Accutel and the Federal Communication Commission ("FCC"), Accutel falsely told the customers that the change in service was inadvertent, and Accutel provided false records to the FCC.

<u>Soreide</u>, 177 Fed. Appx at 32.