[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11046
Non-Argument Calendar
_____

D.C. Docket No. 0:03-cr-60235-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNE SOREIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 18, 2018)


Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Arne Soreide, proceeding pro se, appeals the district court's denial of his post-judgment motion requesting a copy of the "evidence file" from his underlying criminal trial. No reversible error has been shown; we affirm.

In 2004, Soreide was convicted of conspiracy to commit mail and wire fraud, mail and wire fraud, money laundering, engaging in prohibited monetary transactions, and filing fraudulent tax returns. Soreide's convictions were affirmed on direct appeal. United States v. Soreide, 177 F. App'x 31 (11th Cir. 2006).

In 2007, Soreide filed a motion to vacate his sentences under 28 U.S.C. § 2255. The district court denied the motion, and this Court denied Soreide a certificate of appealability. Then, Soreide filed three post-judgment motions for relief, each of which was denied.

In January 2018, Soreide filed the motion at issue in this appeal. Soreide requested a copy of the "evidence file" from his criminal trial. Soreide said he had a copy of the docket sheet and had access to the trial transcripts through PACER but had no access to the "evidence file." The district court denied the motion without explanation.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers and will, therefore, be liberally construed." Tannenbaum v. United

2

States, 148 F.3d 1262, 1263 (11th Cir. 1998).  When a pro se litigant fails to raise a claim on appeal, however, the claim is deemed abandoned; and we will not review it.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); see United States v. Gonzalez, 834 F.3d 1206, 1221 (11th Cir. 2016) (applying Timson in the context of a criminal appeal).

Soreide's chief argument on appeal is that his 2004 convictions should be vacated because (1) he was denied the opportunity to review his indictment before his arraignment and (2) the Federal Bureau of Investigation committed jury tampering and obstruction of justice by speaking with a juror.  These challenges to his 2004 convictions are outside the scope of this appeal and will not be considered.

About the evidence file, Soreide says only that -- if he had a copy of the evidence file before his criminal trial -- he could have successfully challenged his indictment as being legally and factually incorrect.  Because Soreide's appellate brief, construed liberally, contains no argument challenging the district court's denial of his post-judgment motion for a copy of the evidence file, that issue is deemed abandoned.  See Timson, 518 F.3d at 874.

Moreover, the record evidences that all trial exhibits were returned to the respective parties in open court at the end of Soreide's criminal trial.  Given that

the district court no longer possessed the trial exhibits, we see no error in the district court's denial of Soreide's motion.

AFFIRMED.