PER CURIAM:
Jamie Genardo Glover appeals his conviction and sentence for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Glover raises three arguments on appeal: (1) the district court erroneously found that Glover’s statement to federal agents was admissible because he waived his Miranda rights, (2) the evidence was insufficient to support a guilty verdict, and (3) during sentencing the district court erroneously enhanced his sentence based on an extra-verdict finding that Glover’s previous conviction constituted a “crime of violence” and applied the United States Sentencing Guidelines as mandatory. Because the district court did not err in admitting Glover’s statement and the evidence was sufficient to support the guilty verdict, we affirm the conviction. Because the district court erred in sentencing Glover under a mandatory guidelines scheme and the error was not harmless, we vacate the sentence and remand for resentencing.
I. BACKGROUND
On July 15, 2003, police officers executed a search warrant on Glover’s residence and found a semi-automatic handgun hidden under Glover’s mattress. Glover was not present at the time of the search, but his roommate and a guest, who were present, both denied ownership of the gun and offered to make a telephone call to Glover, monitored by the police, to verify that the gun was his. During the call, Glover made statements about the gun.
Glover was indicted on one count of being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). After his arrest, Glover was advised of his rights and waived them in writing. While transporting Glover for arraignment, federal agents questioned him regarding the gun. In response to the questioning, Glover admitted that he purchased the firearm.
Before trial, Glover moved to suppress his statement to the federal agents. The district court held a hearing and denied the motion on the ground that Glover hád waived his Miranda rights. Glover moved for reconsideration and to supplement the record with testimony from his mother, Carol Durr. The district court granted *747 the motion, and Durr testified that Glover was “mentally disabled,” had a “tenth grade education,” and had an “IQ of 57 or 67.” After hearing this testimony, the district court again denied the motion to suppress.
At trial, the prosecution presented evidence that Glover occupied the bedroom in which the firearm was found, two occupants of the residence at the time of the search stated the gun belonged to Glover, and Glover admitted purchasing the gun. The jury convicted Glover. Glover moved for a post-verdict judgment of acquittal based on insufficient evidence. The district court denied this motion.
At sentencing, Glover objected to the classification of his previous conviction for battery on a law enforcement officer under Florida law as a crime of violence on the ground that it would violate his Sixth Amendment right to a jury trial. See U.S. Const. Amend. VI; cf. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court invoked the “prior convictions” exception to the Apprendi line of cases, denied the motion, and applied the enhancement. Glover had a total offense level of 20, a criminal history category of VI, and a sentencing guideline range of 70 to 87 months. The district court commented that “notwithstanding Blakely and Apprendi, it’s business as usual under the Federal Sentencing Guidelines,” and sentenced Glover to 78 months of imprisonment.
II. STANDARD OF REVIEW
This Court reviews the denial of a motion to suppress a confession under a mixed standard: findings of fact are reviewed for clear error and the application of law to the facts is reviewed de novo. United States v. Gil, 204 F.3d 1347, 1350 (11th Cir.2000). We review de novo the denial of a motion for post-verdict judgment of acquittal based on insufficiency of the evidence. United States v. Braithwaite, 709 F.2d 1450, 1457 (11th Cir.1983); see also United States v. Abbell, 271 F.3d 1286, 1291 n. 2 (11th Cir.2001). We view the evidence in the light most favorable to the prosecution and determine whether “a reasonably-minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant’s guilt beyond a reasonable doubt.” Braithwaite, 709 F.2d at 1457. We review de novo questions of law arising under the United States Sentencing Guidelines. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir.2005).
III. DISCUSSION
Glover raises three arguments on appeal. First, he argues that the district court erroneously admitted his incriminating statements because he had not validly waived his right against self-incrimination. Second, Glover argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support a guilty verdict. Third, Glover argues that the district court erroneously enhanced his sentence by classifying his previous conviction as a crime of violence and by viewing the Guidelines as mandatory. We address each argument in turn.

A. Motion to Suppress

Glover argues that the district court erroneously admitted his statement to the federal agents in violation of his Fifth Amendment right against self-incrimination. U.S. Const. Amend. V; see Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Under Miranda, a police officer must read certain warnings — including the right to remain *748 silent — to a suspect before subjecting him to “custodial interrogation.” 384 U.S. at 444-45, 86 S.Ct. at 1612. Evidence obtained in violation of Miranda is inadmissible at trial. Id.
The government stipulates that Glover was subject to “custodial interrogation” but contends that Glover waived his Miranda rights. The government had to prove by a preponderance of the evidence that the defendant waived his rights “voluntarily, knowingly, and intelligently.” Colorado v. Spring, 479 U.S. 564, 572-73, 107 S.Ct. 851, 856-57, 93 L.Ed.2d 954 (1987); Hart v. Attorney General, 323 F.3d 884, 892-93 (11th Cir.2003). To satisfy this burden, the government had to prove the defendant had capacity to understand the Miranda warnings. See Tague v. Louisiana, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980) (per curiam); Coleman v. Singletary, 30 F.3d 1420, 1426-27 (11th Cir.1994).
Glover concedes that he signed a written waiver but argues that his waiver was not voluntary, knowing, and intelligent because he lacked the mental capacity to comprehend the warnings. Glover relies on Durr’s testimony as to his level of education and his Intelligence Quotient. Durr’s testimony was not corroborated by an expert evaluation, and her recollection was vague: “his IQ level was like — I’m not sure, I believe they said 57, 67.”
Although Durr’s testimony supported Glover’s argument, the government presented evidence that contradicted Durr’s vague and uncorroborated testimony. The government presented evidence that Glover interacted normally and intelligently with the arresting agents and Glover was familiar with the criminal justice system. Because the district court could credit the proof provided by the government, the district court did not clearly err in finding that Glover’s waiver was knowing, voluntary, and intelligent.

B. Motion for Judgment of Acquittal

Glover argues that the district court erroneously denied his judgment for acquittal based on insufficiency of the evidence. To obtain a conviction for being a felon in possession of a firearm, the prosecution must prove beyond a reasonable doubt that “the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce.” United States v. Hall, 77 F.3d 398, 402 n. 4 (11th Cir.1996). Glover concedes the second and third elements and argues that the prosecution failed to provide sufficient evidence to prove he knowingly possessed the firearm.
Glover’s argument fails. Knowing possession can be demonstrated by proof of “either actual or constructive” possession. United States v. Sweeting, 933 F.2d 962, 965 (11th Cir.1991). To establish constructive possession, the government must show “ownership, dominion, or control” over the firearm. United States v. Smith, 591 F.2d 1105, 1107 (5th Cir.1979). Glover admitted to purchasing the gun, two witnesses testified that the gun belonged to him, and Glover occupied the bedroom in which the gun was located. Viewing this evidence in the light most favorable to the government, we conclude that a reasonable jury could find Glover had constructive possession of the gun. See id. Because the government met its burden of proof of constructive possession, we affirm Glover’s conviction.

C. Sentencing

Glover argues that he was sentenced in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court (1) classified his previous conviction as a “crime of *749 violence” and (2) considered the Guidelines to be mandatory rather than advisory. We have defined the former issue as one of “constitutional Booker error” and the latter issue as one of “statutory Booker error.” See United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir.), reh’g en banc denied, 406 F.3d 1261, cert. denied, — U.S.-, 125 S.Ct. 2935, 162 L.Ed.2d 866 (2005). We address each argument in turn.
1. Constitutional Booker Error
Constitutional Booker error arises when “a sentence is increased beeáuse of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury.” Id. (citations omitted). Glover argues that the district court made a finding of fact that his offense of battery on a law enforcement officer constitutes a “crime of violence.” We disagree.
Glover’s argument fails for two reasons. First, Booker left undisturbed the “prior convictions” exception to the rule that a jury must find facts that enhance a sentence. Booker, 125 S.Ct. at 756; see also United States v. Camacho-barquen, 404 F.3d 1283, 1290 n. 3 (11th Cir.2005). Second, whether a previous conviction is a “crime of violence” is a question of law, not of fact, as it must be determined by interpreting Guidelines section 4B1.2. U.S.S.G. § 4B1.2; see also United States v. Farris, 77 F.3d 391, 398 (11th Cir.1996).
Guidelines section 4B1.2 defines “crime of violence” as “any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted use, or threatened use of physical force against the person of another .... ” U.S.S.G. § 4B1.2(a). Under Florida law, “battery occurs when a person: (1) Actually and intentionally touches or strikes another person ... or (2) Intentionally causes bodily harm to another person.” Fla. Stat. §§ 784.03, 784.07. Because battery on a law enforcement officer is a crime of violence under Guidelines section 4B1.2, the district court did not err when it enhanced Glover’s sentence.
2. Statutory Booker Error
Statutory Booker error arises “when the district court misapplies the Guidelines by considering them as binding as opposed to advisory.” United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). The district court stated during the sentencing hearing that “notwithstanding Blakely [v. Washington, 524 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)] and Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)], it’s business as usual under the Federal Sentencing Guidelines[.]” Because the district court considered the Guidelines to be mandatory, it committed statutory Booker error.
Because Glover properly preserved his Booker objection, we review for harmless error. See United States v. Mejia-Giovani, 416 F.3d 1323, 1326-27 (11th Cir.2005) (citing United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir.2005)). The burden is on the government to show that the statutory error was harmless, and that burden is to prove “that ‘viewing the proceedings in their entirety, ... the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error.’ ” Id. (quoting Mathenia, 409 F.3d at 1291).
The argument of the government is twofold and erroneous on both counts. *750 First, the government argues that “nothing in the record suggests that the district court would have sentenced Glover differently had it understood the guidelines to be advisory instead of mandatory,” but that argument is not enough to satisfy the burden of the government. The government must prove that something in the record suggests that the district court would have imposed the same or a greater sentence. See id. Second, the government argues that a sentence in the middle of the guidelines range establishes that any error was harmless, but that argument fails because the sentence alone tells us nothing about whether the district could would have imposed a lesser sentence under an advisory guidelines scheme.
Although we recognize that two of our sister circuits have ruled that a mid-range sentence alone establishes that a statutory error was harmless, see United States v. Perez-Ramirez, 415 F.3d 876, 878 (8th Cir.2005); United States v. Paxton, 422 F.3d 1203, 1207-08 (10th Cir.2005), we disagree. We have recognized that “[i]t is as difficult for the government to meet [the harmless error] standard as it is for a defendant to meet the ... standard for plain error review,” see Mejia-Giovani, 416 F.3d at 1327 (quoting Mathenia, 409 F.3d at 1291), and “the fact that the district court sentenced the defendant to the bottom of the applicable guidelines range” does not establish plain error, United States v. Fields, 408 F.3d 1356, 1361 (11th Cir.2005). To announce a rule that a mid-range sentence establishes harmless error would run counter ¡to these holdings. The government must do more than rely upon a mid-range sentence to satisfy its burden under the harmless error standard.
Our holding is also consistent with our precedents regarding statutory Booker errors that were harmless. See Mejia-Giov-ani, 416 F.3d at 1327; United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir.2005). In Mejiar-Giovani, in addition to noting that the defendant was sentenced in the middle of the guideline range, we also based our decision on several statements by the district court that the sentence might have been harsher had the guidelines been considered advisory. See 416 F.3d at 1326 (“No judge enjoys ... departing upward, but I think that you are ... frankly at risk of it this morning.” (emphasis added)). In Gallegos-Aguero, we similarly determined that the district court considered sentencing the defendant to the “maximum allowable under the statute of conviction.” 409 F.3d at 1277. Because a mid-range sentence alone is insufficient to prove harmless error, we conclude that the statutory Booker error was not harmless.
IV. CONCLUSION
Because the district court did not erroneously find that Glover waived his Miranda rights and properly denied the motion for judgment of acquittal, we AFFIRM Glover’s conviction for being a felon in possession of a firearm. Because the district court committed statutory Booker error by treating the Guidelines as mandatory, and the government failed to establish that the error was harmless, we VACATE the sentence and REMAND for resentencing.