[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2006
THOMAS K. KAHN
CLERK

No. 05-14287
Non-Argument Calendar
_____

D. C. Docket No. 04-00026-CR-J-20-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BENJAMIN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 24, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Benjamin Johnson appeals his convictions for drug- and firearm-related offenses. After a thorough review of the record, we affirm.

## I. Background

Johnson was charged by superceding indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 1); possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841 (Count 2); possession with intent to distribute and manufacture crack, in violation of 21 U.S.C. § 841 (Count 3); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (Count 4); and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 5).

Prior to trial, Johnson filed a motion to suppress, challenging the validity and truthfulness of the affidavit supporting the search warrant and disputing whether the warrant had been signed by a magistrate judge.[1] In the warrant, the police officer affirmed that police used a confidential informant ("CI") to conduct a controlled buy of drugs within the last ten days. The CI was able to purchase crack and informed police that there was more crack inside.

At the hearing on the motion to suppress, Detective Darren Green testified that he had personally observed the facts presented in the affidavit. He stated that

---

[1] On appeal, Johnson challenges only the magistrate judge's conclusion that the affiant provided truthful information in the warrant. He does not raise the issue of whether the warrant was signed properly. Therefore, he abandoned this argument. United States v. Smith, 416 F.3d 1350, 1354 (11th Cir. 2005).

he accompanied the CI to the residence, searched the CI by pat-down search and by checking the CI's pockets before sending him to conduct the buy, and watched the CI enter the rear porch area of the house. Green was able to observe the CI from an outside area near the rear of the house. The porch area was connected to the house and Green considered it to be part of the residence. Green was not able to see the CI when he entered the main part of the house. The CI remained inside for about two or three minutes and then returned to Green with crack cocaine that the CI bought from someone named "Black." The CI told Green that there was additional crack inside the porch area. Green acknowledged that his notes from the buy did not indicate that there were additional drugs in the house, although he included those facts in the warrant affidavit.

Johnson testified that he had lived at the residence, which his mother owned, on and off for the last ten years. He admitted that he had used and sold drugs in the past, but argued that he was not involved with drugs any more. He explained that, for the two months preceding the search, the front door was broken and could not be used, and the only entry into the house was through the back door. According to Johnson, the back door was boxed off in brick and was only accessible through the back yard, which was fenced and contained numerous dogs. He asserted that it was not possible for Green to have seen the CI enter at the back door from Green's

3

alleged location, and although he admitted that it would be possible to observe someone on the back porch, he disputed that the porch was "inside" the residence. Johnson admitted that he had successfully challenged searches in the past and that he had told someone that he would beat the warrant in this case. Finally, Johnson alleged that police threatened to arrest everyone in the home at the time they conducted the search unless someone claimed ownership of the contraband.

The magistrate judge recommended denying the motion to suppress, crediting Green's testimony and concluding that there was no evidence that the information in the warrant was false. The district court overruled Johnson's objections, adopted the recommendation, and denied the motion to suppress.

The testimony at trial established the following: Pursuant to a search warrant, police entered the house and discovered a gun, cocaine, and baggies in a vent; crack cocaine, money and marijuana in the bedroom closet; and a gun on the bed in the master bedroom. In total, police found 4.53 pounds of marijuana, in excess of 50 grams of cocaine, and more than 5 grams of crack. Police also found a beaker with Johnson's fingerprints and a residual amount of crack on the night stand in the bedroom. Present in the house at the time of the search were Johnson, Benjamin Price (also known as "Black"), Johnson's pregnant girlfriend Shameka McCray, and another woman. When police interviewed him, Johnson cooperated,

admitted the drugs were his, and stated that Price had no knowledge about the contraband. Johnson further admitted purchasing the gun and told police the location from which he bought the weapon. This location matched the site from which the gun was stolen.[2] The court instructed the jury that the statement was voluntary, and the parties did not contest this finding.

In his defense, Johnson called a single witness. McCray testified that she was involved with Johnson and had been pregnant with his child at the time of the search. She stated that, on the day of the search, Johnson and Price had been playing video games in the master bedroom when police knocked on the door. As Johnson went to answer the door, Price, who appeared scared when he realized the police had arrived, removed a gun from his waist band and threw it on the bed along with a plastic bag. The police broke down the door and handcuffed everyone in the residence. McCray admitted that she was angry at police for placing her in handcuffs when she was obviously pregnant. McCray testified that she overheard the police tell Johnson that they would arrest everyone if no one claimed ownership of the drugs. McCray denied that she had ever seen Johnson with drugs

---

[2] The government presented evidence that the two Glock handguns and the Ruger rifle found in the house had been manufactured outside Florida and traveled to Florida, making them firearms that affected interstate commerce. The government also presented testimony that the Glocks were in working order, but the Ruger was not. Finally, the parties stipulated that Johnson had prior felony convictions.

or guns. She confirmed, however, that she had seen Price with guns about two months before the search, and she acknowledged that Johnson had seen Price with guns before. She also confirmed that Johnson and Price shared the master bedroom and closet.

The jury convicted Johnson on all counts, further finding that the amount of crack cocaine was five grams or more. The court sentenced Johnson to 150 months imprisonment on Counts 1 though 4, to run concurrently, and a consecutive 60-month sentence on Count 5 (the § 924(c) charge), for a total of 210 months imprisonment. Johnson now appeals.

## II. The Appeal

Johnson raises two issues: whether the court erred by denying the motion to suppress, and whether there was sufficient evidence to support his convictions.

### A. Motion to Suppress

The denial of a motion to suppress is reviewed under a mixed standard: "findings of fact are reviewed for clear error and the application of law to the facts is reviewed de novo." United States v. Glover, 431 F.3d 744, 747 (11th Cir. 2005). This court views the evidence in the light most favorable to the party that prevailed below. United States v. Yuknavich, 419 F.3d 1302, 1308 (11th Cir. 2005).

Under the Fourth Amendment, searches should be conducted "pursuant to a

warrant." Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996). A search warrant must "particularly describe the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; Fed. R. Crim. P. 41(e)(2). There is probable cause to support a warrant "when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). Probable cause may be based on an affidavit by a law enforcement officer. Fed. R. Crim. P. 41(d)(2). If the affidavit is sufficient to establish probable cause, the magistrate judge must issue the search warrant. Fed. R. Crim. P. 41(b), (d).

In Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court explained the standards for considering an attack on the veracity of an affidavit filed in support of a search warrant. The Court stated that:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

7

Franks, 438 U.S. at 171-72; see also United States v. Novaton, 271 F.3d 968, 986 (11th Cir. 2001).

"Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). "Therefore . . . , [this court] should defer to the magistrate judge's determinations unless his understanding of the facts appears to be 'unbelievable.'" Id. (citing United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)).

Here, Johnson contends that Green's statements supporting the warrant were false and the warrant was invalid because (1) Green could not have had a vantage point to witness the events, (2) Green failed to include the CI's observation of additional drugs in the house when Green made the application to the judge, and (3) Green failed to search the CI adequately and completely before the buy.

In this case, the district court properly denied the motion to suppress. First, the magistrate judge found that Green's testimony was more credible than Johnson's testimony. This finding is entitled to deference unless Green's testimony was unbelievable. A review of the record demonstrates that there was nothing in Green's testimony that was unbelievable or contradictory.

8

Green testified that he was able to see the CI on the rear porch area of the house, which Green considered to be "inside" the house, from a vantage point a few houses behind Johnson's backyard. The only evidence to contradict this was Johnson's testimony that the property would not have been visible. Given the testimony, it cannot be said that Green's testimony was incredible or that Johnson was more credible.

Moreover, there was no evidence that Green made a false statement with respect to the additional drugs, and the fact that Green did not include the additional drugs in his notes was not an inconsistency or contradiction in his testimony. Viewing the evidence in the light most favorable to the government, drawing all favorable inferences, and giving due deference to the magistrate judge's credibility determination, this discrepancy is insufficient to establish that Green gave false information on the warrant.

Finally, Green's search of the CI before the buy does not call into question the believability of Green's testimony. Johnson claimed that the search was worthless because Green failed to check the CI's groin area, where the CI could have been hiding. Other than Johnson's assertion, there was no evidence at the hearing to show that the CI was hiding drugs. Therefore, Johnson's assertion was insufficient to show that Green made a false statement in support of the warrant.

Accordingly, the district court properly denied the motion to suppress.

## B. Sufficiency of the Evidence

We review the sufficiency of evidence supporting a conviction de novo to determine whether there was substantial evidence, viewed in the light most favorable to the government, to support the jury's guilty verdict. United States v. Baker, 432 F.3d 1189, 1231 (11th Cir. 2005). A guilty verdict will not be disturbed on appeal unless no reasonable trier of fact could have found guilt beyond a reasonable doubt on the evidence before it. Id.; see also United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004). Additionally, all credibility inferences are drawn in favor of the government. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000).

Here, Johnson was convicted of offenses under 21 U.S.C. § 841 and 18 U.S.C. §§ 922(g) and 924(c). A thorough review of the record indicates that there was sufficient evidence to support the convictions.

A conviction under § 841 requires the government to prove that the defendant possessed a controlled substance knowingly and willfully and that he did so with the intent to distribute it. United States v. Anderson, 289 F.3d 1321, 1325 (11th Cir. 2002); see also United States v. Baker, 432 F.3d 1189, 1233 (11th Cir. 2005). To establish that a defendant violated § 922(g), the government must show

that "the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005); United States v. Hall, 77 F.3d 398, 402 n. 4 (11th Cir. 1996). To convict a defendant under § 924(c), the government must show that, during and in relation to a drug-trafficking offense, the defendant used, carried, or possessed a firearm in furtherance of that crime. 18 U.S.C. § 924(c); United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004). The government must also establish some nexus between the firearm and the drug trafficking offense to show possession was in furtherance of the crime. Gunn, 369 F.3d at 1234. Johnson challenges only the element of possession.

Possession may be actual or constructive, joint or sole. Glover, 431 F.3d at 748; United States v. Crawford, 906 F.2d 1531, 1535 (11th Cir. 1990). To establish constructive possession, the government must show "ownership, dominion, or control" over the firearm. Glover, 431 F.3d at 748.

Here, the evidence established that Johnson resided in the home where the drugs and guns were found, that he confessed to ownership of the drugs when interviewed by the police, and that his fingerprints were found on a beaker containing cocaine residue. Thus, there was sufficient evidence to establish Johnson possessed the drugs. In addition, Johnson admitted purchasing the guns,

11

one of the guns was found in the bedroom Johnson used, and McCray testified that Johnson knew Price had the guns. This evidence was sufficient for the government to show that Johnson had control or dominion over the firearms. See Glover, 431 F.3d at 748.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** the district court.