[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10860
Non-Argument Calendar

_____

D. C. Docket No. 07-00164-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAIAH JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 14, 2009)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

A Southern District of Georgia jury found Isaiah Johnson guilty on three

counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1): Count 1, possession of a 9mm rifle and a 12-gauge shotgun via a pawn shop purchase on December 31, 2003; Count 2, possession of a 9mm rifle on April 23, 2004, as Johnson attempted to pawn the 9mm rifle at the same pawn shop; and Count 3, during a traffic stop by the police, he was found in possession of a 12-gauge shotgun on September 28, 2005. The district court sentenced Johnson to concurrent prison terms of 63 months. He now appeals his Count 1 and Count 3 convictions.

On September 28, 2005, Lt. Hooks of the Richmond Hill police department stopped Johnson's pick up truck for violating a traffic code while he was investigating an attempted car theft. Hooks instructed Johnson to step out of the truck and produce his license, proof of insurance, and a registration. Johnson presented his license but not the other items. He did, however, give Hooks the registration for a 1999 Volkswagen and a bill of sale indicating that he had recently purchased the pick up. During the stop, Hooks asked Johnson if there were any weapons or drugs in the truck. Johnson said no, and that Hooks could call a drug dog to walk around the truck. Ten minutes later – 25- 30 minutes into the traffic stop, the dog and her handler arrived. The dog alerted, at which time Johnson said that there were no narcotics in the truck and that the officers could search it. The

2

search revealed a shotgun, with a pistol grip, which Johnson, after claiming the gun was for hunting, said that it was for self defense, then that he bought it for his girlfriend. Because Johnson had a felony conviction, the officers arrested him.

On appeal, Johnson argues that the district court erred when it denied his motion to suppress evidence seized during a search of his truck, arguing that Hooks stopped his truck for a pretextual reason, and that the subsequent warrantless, non-consensual search and seizure of the truck and his arrest were conducted without reasonable suspicion or probable cause. Additionally, he argues that the evidence was insufficient to convict on Count 1, to-wit: that he lacked actual or constructive possession of the firearms.

We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact for clear error and the district court's application of law to those facts de novo. United States v. Ramirez, 476 F.3d 1231, 1235-36 (11th Cir.), cert. denied, 127 S.Ct. 2924 (2007). The court's factual findings are construed in the light most favorable to the prevailing party. United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. It additionally provides

that "no Warrants shall issue, but upon probable cause, supported by Oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Id.

A temporary detention of an individual during a traffic stop by law enforcement, even if only for a brief period and for a limited purpose, constitutes a "seizure" within the meaning of the Fourth Amendment. Whren v. United States, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). A stop thus must not be "unreasonable" under the circumstances. Id. at 810, 116 S.Ct. at 1772. As a general rule, the decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic violation has occurred. Id.

The duration of the traffic stop must be limited to the time necessary to effectuate the purpose of the stop and may not last "any longer than necessary to process the traffic violation" unless there is articulable suspicion of other illegal activity. Purcell, 236 F.3d at 1277. Where reasonable suspicion of criminal drug-related activity exists, an officer has a duty to investigate further and is justified in continuing to detain the suspect, calling for a drug-sniffing dog, and making a request to search the vehicle. United States v. Hernandez, 418 F.3d 1206, 1211 (11th Cir. 2005).

The basic premise of search and seizure doctrine is that warrantless searches

are "per se unreasonable." Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). However, the warrant requirement is subject to "a few specifically established and well-delineated exceptions." Id. One of these is the "automobile exception," which permits a warrantless search or seizure "if (1) there is probable cause to believe that the vehicle contains contraband or other evidence which is subject to seizure under law, and (2) exigent circumstances necessitate a search or seizure." United States v. Alexander, 835 F.2d 1406, 1408-09 (11th Cir. 1988). Probable cause to search exists "when the facts and circumstances would lead a reasonably prudent [person] to believe that the vehicle contains contraband." United States v. Clark, 559 F.2d 420, 424 (5th Cir. 1977).

Here, Lt. Hooks had probable cause to believe a traffic violation had occurred and therefore lawfully conducted a traffic stop. Because he and the officer handling the drug dog subsequently obtained probable cause to believe that Johnson's truck contained contraband, the search of the truck and detention of Johnson were lawful. In sum, the court did not err when it denied Johnson's motion to suppress.

We review de novo the sufficiency of the evidence supporting a criminal conviction, viewing the evidence in the light most favorable to the government. United States v. Benbow, 539 F.3d 1327, 1331 (11th Cir. 2008). The evidence is

5

sufficient so long as a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt.  United States v. Lluesma, 45 F.3d 408, 409-10 (11th Cir. 1995).  Furthermore, all reasonable inferences from the evidence are drawn in favor of the verdict.  United States v. Robertson, 493 F.3d 1322, 1329 (11th Cir.), cert. denied, 128 S.Ct. 1295 (2008).

To obtain a conviction for being a felon in possession of a firearm, the prosecution must prove beyond a reasonable doubt that "the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005).  Knowing possession can be demonstrated by proof of either actual or constructive possession, and constructive possession is established by proving "ownership, dominion, or control" over the firearm.  Id. at 748 (quotation omitted).

Given the evidence of Johnson's subsequent control and possession of the rifle and shotgun referenced in Count 1, the jury had ample proof on which to convict Johnson on Count 1.

AFFIRMED.