[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2009
THOMAS K. KAHN
CLERK

No. 08-13471
Non-Argument Calendar

_____

D. C. Docket No. 07-00060-CR-F-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALLEN GIBSON,
a.k.a. Jimmy Gibson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 20, 2009)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

James Allen Gibson appeals his conviction and 33-month sentence for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At trial, Investigator Harvey Mathis testified that officers found an unconcealed firearm on the top shelf of Gibson's bedroom closet and also found ammunition that was visible through the glass door of a gun cabinet located in Gibson's bedroom. Mathis also testified that, when Gibson saw the firearm, he told Mathis, "if you want it, you can keep it. It's a piece of junk. I don't have any guns here." James Allen Gibson II ("Beau"), Gibson's teenage son, testified in Gibson's defense that he had snuck the firearm into Gibson's home and had hidden it in Gibson's closet, without Gibson's knowledge, a year and a half before it was found by police. He also testified that he snuck the .22 caliber ammunition into Gibson's home and hid it in the gun cabinet without Gibson's knowledge.

On appeal, Gibson concedes that he is a convicted felon, but argues that the government did not prove beyond a reasonable doubt that he knowingly possessed a firearm and ammunition. Specifically, he contends that Investigator Mathis gave conflicting testimony, as he said, in one instance, that Gibson told him that the firearm was a "piece of junk," but later said that Gibson told him, "there are no firearms here." He asserts that no other government witness testified concerning his knowledge of the firearm, and his witnesses presented testimony that he did not know that the firearm or ammunition was in his home. He argues that the mere

2

presence of the firearm in his bedroom closet was insufficient to prove that he had knowledge of the firearm. Lastly, he contends that, even if he may have known that the firearm was in his home, there was no evidence that he exercised dominion and control over the firearm or ammunition because Beau had dominion and control over the firearm and ammunition, as he kept them hidden from Gibson.

"We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (per curiam) (citation omitted). We also make "[a]ll reasonable inferences and credibility choices . . . in favor of the government and the jury's verdict. *Id.* We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." *Id.* "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." *United States v. Bailey*, 123 F.3d 1381, 1391 (11th Cir. 1997).

To support a conviction for possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g), "the prosecution must prove beyond a reasonable doubt that the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." *United States v.*

3

*Glover*, 431 F.3d 744, 748 (11th Cir. 2005) (per curiam) (internal quotation marks and citations omitted). "The government may prove possession by showing actual or constructive possession." *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." *Id.* (citation omitted). "[T]he knowledge element of a violation of a criminal statute can be proved by demonstrating either actual knowledge or deliberate ignorance." *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006).

The record reveals that the evidence was sufficient to convict Gibson. A jury could have found beyond a reasonable doubt that he was aware of and exercised dominion and control over the firearm. The firearm was located in plain view on the top shelf of his bedroom closet and the ammunition was visible through the glass door of the gun cabinet located in his bedroom.

Gibson also argues that the district court erroneously gave a deliberate ignorance jury instruction because the government was trying to prove his actual knowledge of the firearm and ammunition, not his deliberate ignorance. Specifically, Gibson contends that the government's focus on proving actual knowledge precluded the district court from giving a deliberate ignorance jury

instruction. Gibson asserts that the deliberate ignorance instruction was not harmless because the government failed to prove that he had actual knowledge of the firearm and ammunition that his son had hidden in his home.

"We apply a deferential standard of review to a trial court's jury instructions." *United States v. Puche*, 350 F.3d 1137, 1148 (11th Cir. 2003). "Under this standard, we will only reverse if we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* (internal quotation marks omitted).

We have held that a deliberate ignorance instruction is warranted "only when . . . the facts . . . support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *United States v. Rivera*, 944 F.2d 1563, 1571 (11th Cir. 1991) (internal quotation marks omitted). The district court should not "instruct the jury on 'deliberate ignorance' when the relevant evidence points only to *actual knowledge*, rather than deliberate avoidance." *Id.* We have also held, however, that instructing the jury on deliberate ignorance is harmless error where "the jury could have convicted on an alternative, sufficiently supported theory of actual knowledge." *United States v. Kennard,* 472 F.3d 851, 858 (11th Cir. 2006).

Even if the district court erred in instructing the jury on the deliberate ignorance theory, it was harmless error because the evidence sufficiently showed that Gibson had actual knowledge of the firearm.

Gibson lastly argues that his sentence was substantively unreasonable because, under the totality of the circumstances, a below guidelines sentence was appropriate. Specifically, he contends that his sentencing range of 33-41 months of imprisonment was overstated because: (1) his prior felony conviction for assault was the result of a drunken fight with his brother; (2) the firearm found in his closet barely functioned; (3) he completed 79 days of drug rehabilitation treatment; (4) he did not use the firearm to commit any crimes; (5) he was not arrested for possessing multiple firearms, nor was the firearm on his person; (6) none of his fingerprints were found on the firearm; and, (7) his son brought the firearm into their home, without his knowledge. As a result, he asserts that a below guidelines sentence "would have been sufficient to meet the goals of [18 U.S.C.] § 3553(a) factors."

An appellate court reviews a sentence for reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 591 (2007). A sentence must be both procedurally and substantively reasonable. *United States v. Livesay,* 525 F.3d 1081, 1090-91 (11th Cir. 2008). A sentence is

6

substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.), *cert. denied*, 128 S. Ct. 671 (2007) (internal quotation marks and alterations omitted). Given the deference due to a district court's weighing of the § 3553(a) factors, Gibson's sentence was not substantively unreasonable. Gibson was

sentenced at the bottom of the guideline range.

## CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. The jury could have convicted Gibson on the record evidence, such that even if the district court erred by instructing the jury on the deliberate ignorance theory, it was harmless error. Additionally, the district court's decision to impose a Guidelines sentence, at the bottom of the guideline range, was reasonable and supported by the record. Accordingly, we affirm Gibson's 33-month sentence.

**AFFIRMED.**