[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14408
Non-Argument Calendar

_____

D. C. Docket No. 08-00003-CR-4-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAKIA MCCLAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 16, 2009)**

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Nakia McClain appeals his conviction for possession of a firearm by a

convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The sole issue on appeal is whether the evidence presented at trial established beyond a reasonable doubt that McClain was guilty of the charged offense. More specifically, McClain contends that the government did not meet its burden of proving that he possessed the firearm because his witnesses rebutted the government's case with testimony that the firearm belonged to his brother-in-law, J.B.

"When a defendant does not move the district court for a judgment of acquittal at the close of the evidence, we may reverse the conviction only to prevent a manifest miscarriage of justice." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Under this standard, the evidence on a key element of the offense must be "so tenuous that a conviction would be shocking." *Id*. We have held that the determination of a witness' credibility is "the exclusive province of the jury." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (internal quotation marks omitted). We may not review determinations made by the jury as to the credibility of witness testimony unless such testimony is "incredible as a matter of law. . . ." *United States v. Hewitt*, 663 F.2d 1381, 1386 (11th Cir. 1981). Testimony is incredible as a matter of law only when it is "unbelievable on its face" and relates to "facts that [the witness] physically could

2

not have possibly observed or events that could not have occurred under the laws of nature." *Calderon*, 127 F.3d at 1325 (internal quotation marks and citation omitted).

To convict a defendant of possession of a firearm by a convicted felon, the government must prove beyond a reasonable doubt that: (1) the defendant was convicted of a felony, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). The government can show that the defendant had actual or constructive possession of the firearm to satisfy the second prong. *United States v. Glover*, 431 F.3d 744, 748 (11th Cir. 2005) (per curiam). The government can establish constructive possession by showing "ownership, dominion, or control over the firearm." *Id.* (internal quotation marks and citation omitted). In *Glover*, we held that the government met its burden of proving possession with the following evidence: Glover admitted to purchasing the firearm; two witnesses testified that the firearm belonged to Glover; and, Glover occupied the bedroom in which the firearm was located. *Id.*

Here, McClain admitted to possessing the firearm, stating that the firearm and other contraband belonged to him and not his wife. Multiple police officers testified that the firearm was in plain view in the uncovered clothes basket at the

foot of the bed where they found McClain. Although witnesses testified that the firearm did not belong to McClain, there was sufficient evidence for the jury to conclude that McClain had constructive possession of the firearm.

Furthermore, McClain failed to preserve a motion for judgment of acquittal during the trial. Therefore, his conviction can be reversed only if there is a manifest injustice in the verdict. The government satisfied its burden of proving that McClain had possession of the firearm, such that McClain's conviction was not "a manifest miscarriage of justice."

CONCLUSION

Upon review of the record and the parties' briefs, we find no reversible error. Accordingly, McClain's conviction is affirmed.

**AFFIRMED.**