[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15890
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00127-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENALDO JOVON LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Renaldo Jovon Lewis appeals his convictions and sentences for possession

of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession of cocaine base, in violation of 21 U.S.C. §§ 844(a) and 851. He argues that (1) the evidence was insufficient to convict him of either offense, (2) the prosecutor improperly vouched for the testimony of two government witnesses, both Plant City Police Department detectives, in rebutting defense counsel's closing argument before the case went to the jury, (3) the district court plainly erred by sentencing him to the minimum sentences prescribed by statute, and (4) the district court plainly erred by imposing a sentence that violated the Eighth Amendment. We consider these arguments in turn.

## I.

Lewis argues that the government's evidence was insufficient to show that he possessed the firearm and drugs. He notes that his previous trial, which resulted in a hung jury, was a testament to the weakness of the government's evidence. Further, he submits that the government's entire case rested on the testimony of one man, Detective Gilmore, whose testimony that he saw Lewis make an "ambiguous action of possibly placing something under a car" was impeached on cross-examination.

We review de novo challenges to the sufficiency of the evidence in criminal cases. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). We "must

2

view the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility determinations in favor of the verdict," United States v. Simpson, 228 F.3d 1294, 1299 (11th Cir. 2000), and must uphold the verdict "unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir. 2005).

"To obtain a conviction for being a felon in possession of a firearm, the [government] must prove beyond a reasonable doubt that the defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005) (internal citations omitted). To obtain a conviction for possession of a controlled substance, in violation of 21 U.S.C. § 844(a), the government must establish that the defendant "knowingly or intentionally" possessed a controlled substance. 21 U.S.C. § 844(a). "Possession can be shown by circumstantial as well as direct evidence." United States v. Crawford, 906 F.2d 1531, 1535 (11th Cir. 1990). "Possession can be either actual or constructive . . . and can be either joint or sole." Id. (internal citations omitted). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is

3

concealed." United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005).

We are satisfied after reviewing the record that the jury had sufficient evidence before it to convict Lewis of the charged offenses.[1] Lewis was a passenger in a car stopped for a traffic violation. As Detective Maurer approached the driver's side of the car, he noticed a strong odor of marijuana emanating from the car and recognized the driver, Geddis Willis. Lewis was in the passenger's seat. Due to the driver's hostile reaction, Maurer called for a backup. Two officers, Detectives McDowell and Gilmore, eventually arrived. At some point thereafter, Maurer asked Lewis to exit the car. Lewis did, and Gilmore saw him kick something under the car. It turned out to be a white T-shirt wrapped around a loaded, laser-equipped, .40 caliber Glock handgun and a pill bottle containing cocaine base. After the officers took Willis and Lewis into custody, Lewis told Maurer that the car (which had been rented) belonged to Willis, that Willis had picked him up five minutes before the stop, and that the T-shirt fell out of the car when he opened the door.[2]

## II.

Lewis argues that the prosecutor improperly used its position to vouch for

---

[1] The fact that Lewis's first trial ended with a hung jury is irrelevant.

[2] At trial, Lewis stipulated that he was a convicted felon, that his civil right to possess a firearm had not been restored, that the Glock was operational and had traveled in interstate commerce, and that the pill bottle contained cocaine base.

Gilmore when she stated, during rebuttal closing argument, that Gilmore and Maurer told the truth on the stand. The statement was in response to defense counsel's baseless implication that the two detectives had motive to lie. In light of the court's response to defense counsel's objection and counsel's failure to move for a mistrial (the inference being that the court's response cured the problem), we find no basis for vacating Lewis's convictions and remanding the case for a new trial.

## III.

Lewis's challenge to mandatory minimum sentences prescribed by statute is academic, since the court did not impose mandatory minimum sentences. The challenge is therefore baseless.

## IV.

Lewis argues that his sentence violated the Eighth Amendment because it was grossly disproportionate to the severity of his crime. He asserts that his participation in the crime was "negligible," and contends that he had no ownership interest in the drugs or the firearm. For these reasons, Lewis asserts that his sentence was not proportionate to his level of culpability.

When an Eighth Amendment challenge to a sentence is not raised in the district court, we review for plain error. United States v. Raad, 406 F.3d 1322,

1323 (11th Cir. 2005); but see United States v. Sanchez, 138 F.3d 1410, 1417 (11th Cir. 1998) (declining to consider Eighth Amendment argument challenging non-capital sentence which was not raised below). To establish plain error, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. Rodriguez, 398 F.3d at 1298. If these criteria are met, we will correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736, 113 S.Ct. at 1779.

"In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000). "The Supreme Court has made it clear that, outside the context of capital punishment, successful challenges to the proportionality of sentences are exceedingly rare." Raad, 406 F.3d at 1323 (internal quotations omitted). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005).

Lewis's sentences do not violate the Eighth Amendment because his sentences, individually or collectively, are not disproportionate to his conduct and are well within the statutory range.

Lewis's convictions and sentences are, accordingly,

AFFIRMED.