[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11966
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-21080-CR-JEM

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

COREY MIMS,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 7, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Corey Mims appeals his conviction and sentence for possession of a firearm as a convicted felon. He argues that (1) the firearm and ammunition he possessed did not substantially affect interstate commerce, (2) he did not knowingly possess the firearm and ammunition, (3) the district court violated the Fifth and Sixth Amendments by sentencing him in excess of the statutory maximum based on facts that were not charged in the indictment or found by the jury, and (4) he should not have been sentenced as a career offender, because his prior state burglary convictions did not qualify as violent felonies. For the reasons set forth below, we affirm.

## I.

Mims was charged with possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He pleaded not guilty and proceeded to trial.

At trial, Lazaro Rial, a detective with the Miami-Dade Police Department (MDPD), testified that, on November 19, 2008, he and his partner, Jacyn Goble, observed Mims's vehicle driving with the headlights turned off. Rial and Goble attempted to conduct a traffic stop, and Mims, upon seeing the patrol car, ran a stop sign. Rial and Goble activated their emergency lights and Mims pulled over on the side of the road, exited his vehicle, and ran northbound. Rial determined that no

2

one else was inside the vehicle and, upon further inspection, located a firearm between the driver's seat and the center console. Rial stated that the firearm was easily visible from outside the vehicle and was well within reach of a person sitting in the driver's seat of the vehicle. Eventually, Mims was apprehended, returned to the scene, and identified. Officers determined that the vehicle Mims was driving belonged to Mims's girlfriend.

Jacyn Goble, the MDPD detective working with Rial on November 19, 2008, testified that, after a perimeter had been established, he returned to Mims's vehicle and observed the firearm inside the car. He stated that the firearm was "wedged between the . . . driver's seat and the center console."

Teddy Harley, a latent fingerprint examiner for the MDPD, testified that he was not able to find any fingerprints of value on the firearm that was found in the vehicle Mims was driving. He also was not able to recover any fingerprints of value from the ammunition found inside the firearm.

Carl Rousseau, a detective with the MDPD, testified that he interviewed Mims on the night he was arrested. After waiving his Miranda[1] rights, Mims told Rousseau that he had been at his aunt's house earlier in the day when a friend of his, named Justin, asked Mims to give him a ride. Mims agreed and drove Justin a

[1]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

short distance. As Justin exited the vehicle, he offered Mims $10 for the ride and also asked Mims if he would hold onto a firearm for him. Justin gave the firearm to Mims and Mims "placed it in the center console wedged between the front driver's seat." Mims stated that a short time after dropping off Justin, he observed a marked police vehicle behind him. Mims told Rousseau that he drove a short distance, quickly pulled over, exited the vehicle, and fled on foot.

The parties stipulated that the firearm and ammunition found in the vehicle "traveled in interstate or foreign commerce prior to November 19, 2008." Mims moved for a judgment of acquittal, which the court denied, and both sides rested. The jury found Mims guilty of possessing a firearm as a convicted felon.

The presentence investigation report ("PSI") initially set Mims's base offense level at 24, pursuant to § 2K2.1(a)(1). However, it noted that Mims had five prior convictions that qualified him as an armed career criminal – (1) strong arm robbery; (2) possession with intent to sell or deliver cocaine within 1000 feet of a school; (3) possession of cocaine with intent to sell, manufacture, or deliver; (4, 5) burglary of an unoccupied structure. Pursuant to § 4B1.4(a), Mims's base offense level was enhanced to 33. Mims did not receive any enhancements or adjustments, so his total offense level remained 33. Because Mims was considered an armed career criminal, he was placed in criminal history category VI. Based on

total offense level 33 and criminal history category VI, Mims's applicable guideline imprisonment range was 235 to 293 months. The PSI noted that, pursuant to 18 U.S.C. § 924(e), Mims was subject to a mandatory minimum of 15 years' imprisonment. Mims filed an objection to the PSI, asserting that his prior burglary of a structure convictions were not proper predicate offenses for purposes of the armed career criminal enhancement.

At sentencing, Mims objected to the use of his prior burglary of a structure convictions to qualify him as an armed career criminal. Both parties, as well as the court and the probation officer, acknowledged that Mims would still be considered an armed career criminal, even if his burglary of a structure convictions were not considered qualifying offenses. The court overruled Mims's objection, but noted that it was "not going to hold it against him," and that "it doesn't make a nickel's worth of difference" whether the convictions qualified, because Mims would be sentenced as a career offender regardless of the court's ruling. The court stated that it had considered the statements of the parties, as well as the PSI, advisory guidelines, and statutory factors. It sentenced Mims to a term of 235 months' imprisonment, followed by 4 years of supervised release. At the conclusion of the proceeding, Mims renewed his prior objections.

## II.

*Interstate Commerce*

Constitutional challenges raised for the first time on appeal are reviewed for plain error. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). Under the plain error standard, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). We may exercise our discretion to correct a plain error if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id.

Section 922(g)(1) makes it unlawful for any person

who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). The Commerce Clause permits Congress to regulate three broad categories of activities – including activities that "substantially affect interstate commerce." United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001). With respect to § 922(g), we have determined that the Commerce Clause's interstate nexus requirement is met if the government shows that the firearm possessed had previously traveled in interstate commerce, id. at 1273-74, and has,

6

therefore, rejected arguments that § 922(g) is facially unconstitutional. See id.; United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996).

As explained above, Mims's argument that § 922(g) is facially invalid is foreclosed by binding precedent. See Scott, 263 F.3d at 1273-74; McAllister, 77 F.3d at 390. His argument that § 922(g) is unconstitutional as applied in his case, is also meritless, because he stipulated that the firearm he possessed had "traveled in interstate or foreign commerce." See Scott, 263 F.3d at 1273-74; McAllister, 77 F.3d at 390. Accordingly, Mims has failed to show any error, let alone plain error.

*Knowing Possession of Firearm*

We review de novo challenges to the sufficiency of the evidence in criminal cases. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). We "must view the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility determinations in favor of the verdict." United States v. Simpson, 228 F.3d 1294, 1299 (11th Cir. 2000).

To obtain a conviction for being a felon in possession of a firearm, the government must prove, inter alia, that the defendant was "in knowing possession of a firearm." United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005). "Possession can be either actual or constructive." Id. "Constructive possession exists where a defendant has ownership, dominion, or control over an object itself

7

or dominion or control over the premises or the vehicle in which the object is concealed." United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005).

Here, the evidence is sufficient to establish that Mims had possession of the firearm that was found in the vehicle he was driving. Mims was the driver and the only occupant of the vehicle; therefore, although he may not have been the owner, he did have dominion or control over the vehicle in which the firearm was concealed. See id. Moreover, Mims admitted taking possession of the firearm from Justin. It is also clear from the evidence that Mims knowingly possessed the firearm, because he told Rousseau that he took the firearm from Justin and placed it in between the driver's seat and center console, where it was ultimately found by Rial.

*Statutory Maximum – Fifth and Sixth Amendment Concerns*

Mims was sentenced pursuant to § 4B1.4(a), which states, "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a). Section 924(e) states, in relevant part, that "a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

8

In Almendarez-Torres, the Supreme Court held that prior convictions "relevant only to the sentencing of an offender found guilty of the charged crime" do not need to be charged in an indictment or proved to a jury beyond a reasonable doubt. Almendarez-Torres, 523 U.S. at 239-47, 118 S.Ct. at 1229-33 (holding that the factual issue of whether a defendant has been convicted of an "aggravated felony" for 8 U.S.C. § 1326(b)(2) enhancement purposes is not required to be alleged in the indictment). The Supreme Court, in deciding Apprendi, stated explicitly that its decision did not question the validity of its holding in Almendarez-Torres. See Apprendi v. New Jersey, 530 U.S. at 489-90, 120 S.Ct. at 2362 (holding that it is a Sixth Amendment violation for a sentencing court to enhance a defendant's sentence beyond the statutory maximum based on facts that were not proven to a jury beyond a reasonable doubt or expressly admitted by the defendant).

We reiterated in United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005), that the holding in Almendarez-Torres was not affected by Apprendi or the subsequent decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that mandatory enhancements under the Sentencing Guidelines must be based on facts found by a jury or admitted by the defendant), and a district court does not err when it uses prior convictions to enhance a

9

defendant's sentence. Finally, in United States v. Greer, 440 F.3d 1267, 1273-76 (11th Cir. 2006), we specifically held that prior convictions did not have to be found by a jury in order to be used to enhance a sentence pursuant to § 924(e). Accordingly, because binding precedent, particularly the holdings in Almendarez-Torres and Greer, specifically permit the district court to enhance sentences based on prior convictions that were not proven to a jury beyond a reasonable doubt or expressly admitted by the defendant, Mims has failed to show that the district court plainly erred in enhancing his sentence under § 924(e).

*Armed Career Criminal Enhancement*

We need not determine whether Mims's prior burglary of an unoccupied structure offense was a proper predicate offense for the armed career criminal enhancement, because the enhancement would have been properly applied even if his burglary of a structure offenses were not counted. See In re Grand Jury Proceedings, 142 F.3d 1416, 1420-21 (11th Cir. 1998) (noting that "[a] federal court has no authority 'to give opinions on moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it'") (quoting Church of Scientology v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992)). As noted by the PSI and the district court, Mims had three other convictions that would qualify him as an armed career

criminal.  Mims did not object to the inclusion of these three offenses, and he concedes that these offenses are proper predicate offenses for the enhancement. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (noting that where a defendant fails to object to factual statements in the PSI, the facts are deemed admitted as true).  Accordingly, we affirm Mims's conviction and sentence.

**AFFIRMED.**